UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**  Case No.: 8:19-cr-273-T-24JSS

v.

**YESID CAICEDO ASPRILLA**
_____/

### SENTENCING MEMORANDUM

Defendant, Mr. Caicedo Asprilla, by counsel Cynthia J. Hernandez, files the following Sentencing Memorandum setting out the factors that the court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

### Legal Framework for Sentencing Analysis

By virtue of these directives and how they relate to Mr. Caicedo Asprilla, a sufficient sentence in compliance with § 3553(a)'s mandate is a term of incarceration of 108 months. This sentence is based upon an advisory guideline range of 135 months to 168 months. Although a substantial assistance motion will not be filed in this case, Mr. Caicedo Asprilla requests a variance to 120 months from an advisory range of 168-210 months.

Mr. Caicedo Asprilla also requests that the judgment and commitment order state that he was paroled into the United States, recommend that he placed at MCC

1

Coleman, Florida, participation in UNICOR job program, and be afforded educational opportunities in air conditioning, plumbing, English and Spanish.

### *Circumstances of the Offense*

Mr. Caicedo Asprilla, age 50, was born and raises in a small village in Buenaventura, Colombia. Mr. Caicedo Asprilla was able to complete fourth grade in Ecuador. Mr. Caicedo Asprilla grew up in poverty.  No running water, no money for school and only enough money to feed a family of five two or out three meals a day.  *See* PSIR ¶44. Mr. Caicedo Asprilla attended primary school until the 5th grade but due to the families' finances was unable to attend further.  *See* PSIR ¶53.  Prior to his arrest, Mr. Caicedo Asprilla was residing with his paramour Lida Janeth Ocoro-Lemas and their child.  (PSIR ¶45).

Notably, Mr. Caicedo Asprilla had no equity interest in the drugs. He had no role in planning the criminal scheme and absolutely no role in the ultimate distribution of the cocaine. He had little knowledge of the scope of the broader conspiracy.

Mr. Caicedo Asprilla was later captured by the United States Coast Guard and provided a debriefing to the authorities.

### *Guideline Calculations*

Mr. Caicedo Asprilla's Presentence Investigation Report (PSR) lists his base offense level as a 38, pursuant to U.S.S.G. §2D1.1(c)(1), for an offense involving 7,683 kilograms of cocaine. The PSR subtracted 3 levels for acceptance of responsibility and a timely plea pursuant to U.S.S.G. § 3E1.1(a). PSR ¶¶ 22-30. The PSR thus found his total offense level to be a 35. PSR ¶32. Mr. Caicedo Asprilla is undoubtedly in Criminal History Category I. PSR ¶ 38. The PSR thus estimates his guideline range to be 168-210 months imprisonment.

Mr. Caicedo Asprilla has no objections to the PSR calculations.

*Mr. Caicedo Asprilla's History and Characteristics of his Offense Suggest That a Sentence of 120 (Or Variance of 120 Months in the Alternative) Months Imprisonment Would be "Sufficient but No Greater Than Necessary" to Comply With the Purposes of Sentencing 18 U.S.C. §3553(a) of Just Punishment, Public Protection, and Deterrence.*

Although the guidelines are "the starting point and the initial benchmark" for determining the appropriate sentence, "[t]he Guidelines are not the only consideration" and the sentencing court must consider all of the 18 U.S.C. §3553(a) factors in crafting a sentence. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). When considering the §3553(a) factors, the sentencing judge may give Cir. 2007). Judges "may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough v. United States,* 128 S.Ct. 558, 570 (2007).

Mr. Caicedo Asprilla's guideline range--without the substantial assistance motion--is low end 168 months; with the substantial assistance motion-low end is 120 months; and the statutory mandatory minimum is 120 months. A sentence of low end 120 months is appropriate and just according to the factors that must be examined under 18 U.S.C. § 3553(a). In light of the mitigating history and characteristics of Mr. Caicedo Asprilla, as well as the facts and circumstances surrounding the non-violent nature of his offense, a sentence of 120 months, to be followed by a 5-year term of supervised release, will be "sufficient but not greater than necessary" to accomplish all of the purposes of sentencing enumerated in 18 U.S.C. § 3553(a).

    a. *A sentence of 120 months adequately reflects the seriousness of the offense.*

The quantity of cocaine in this case is undoubtedly great, and a serious prison sentence is required to answer for this crime and send Mr. Caicedo Asprilla and others a message of deterrence that is lasting and sobering. However, those goals are accomplished with a sentence of approximately 120 months. At 50, Mr. Caicedo Asprilla has spent his most life providing for his family as a crewman. For a man like this, his arrest and incarceration has already been the most devastating event of his life. A sentence of 120 months imprisonment is even more devastating for him than for someone in the United States with the same sentence.

Mr. Caicedo Asprilla is cut off from everything he knows, in a strange place where he understands no one and he knows no one. His isolation during incarceration will be more severe than that of an American citizen serving a similar sentence. Because of this cultural isolation, a sentence of 120 months is just punishment for this individual.

    b.    *A sentence of 120 months will protect the public.*

Mr. Caicedo Asprilla does not require a longer sentence than 120 months to protect the public from any further crimes by him. There is ample evidence in this case that Mr. Caicedo Asprilla will **never again** return to this country after he completes his sentence and deportation. Mr. Caicedo Asprilla's entire world and system of support exists with his family in Ecuador.

The United States Office of Probation and Pretrial Services (OPPS) developed a risk assessment instrument for assessing an individual's risk and needs when placed on supervision after conviction. The Federal Post Conviction Risk Assessment (PCRA) is a 55 item quantifiable instrument that measures a person's risk of recidivism across seven domains: criminal history, including arrests; education and employment; alcohol and drug problems; social networks; cognitions (antisocial attitudes); other (housing, finance, recreation; and responsivity factors (personal, cultural, and societal barriers to change). A risk

5

score is determined by adding up the points for scored items, which then correspond to a risk of recidivism based on a past analysis of OPPS data.

Similarly, the Federal Judicial Center developed the Risk Prediction Index (RPI) after several years of study and testing in eleven districts, now used by U.S. Probation officers during their assessments of newly released offenders to "estimate the likelihood that an offender will be arrested or have supervision revoked during his or her term of supervision." U.S. Probation, *The Supervision of Federal Offenders, Monograph 109,* 111-10. (March 2007 Update). The RPI measures seven variables: (1) the offender's age; (2) the number of arrests before the instant offense; (3) employment status (4) history of illegal drug or alcohol abuse; (5) prior history of absconding from supervision; (6) whether the offender has a college degree; and (7) whether the offender was living with a spouse and/or children at the start of supervision. These variables are assigned value, which are totaled for a score, which can then be compared to other offenders for risk of recidivism.

When Mr. Caicedo Asprilla's circumstances are measured according to either index, the PCRA, or the RPI, he would most certainly score in an extremely low risk category for recidivism. From the RPI perspective, again, Mr. Caicedo Asprilla is not a young adult (50, low risk), steady employment, no history of

absconding, and a stable family. Mr. Caicedo Asprilla statistically bears the hallmarks of someone with an extremely low risk of reoffending because of his age, lifetime employment, and marital status. Increased age bears a strong correlation with lower recidivism. According to Sentencing Commission data, "recidivism rates decline relatively consistently as age increases," from 35.5% under age 21 to 9.5 % over age 50. USSC, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 12 (May 2004). The Commission's studies demonstrate that stable employment in the year prior to arrest is associated with a lower risk of recidivism. *See Measuring Recidivism*, supra at 12. (Mr. Caicedo Asprilla has worked consistently and supported his family as a fisherman since his teens) Commission studies show that recidivism rates are lower for defendants who are married. *See Measuring Recidivism,* supra at 11. Finally and most critically, Sentencing Commission studies show that minimal or no prior involvement with the criminal justice system is a powerful predictor of a reduced likelihood of recidivism. *See USSC, A Comparison of the Federal Sentencing Guidelines Criminal History Category and the U.S. Parole Commission Salient Factor Score,* at 15 (2005).

There is no evidence that Mr. Caicedo Asprilla poses any sort of danger to the public, and a wealth of evidence to suggest that he will never again return to the justice system. Increased imprisonment in this case is not necessary to establish

deterrence. Evidence of the deterrent value of imprisonment is ambiguous at best, and not a sound basis upon which to sentence. *See* Paul J. Hofer & Mark H. Allenbaugh, *The Reason Behind the Rules; Finding and Using the Philosophy of the Federal Sentencing Guidelines,* 40 Am. Crim. L. Rev. 19, 61- 62 (2003). Moreover, the punishment Mr. Caicedo Asprilla has sustained already is so devastating to him because of his crime that this Court does not need to consider greater incarceration to accomplish adequate deterrence.

Finally, Mr. Caicedo Asprilla's arrest has caused a great deal of suffering to his family, and a sentence greater than 120 months will prove traumatic to them, as their economic situation is already precarious and they rely on him for their survival. The absence of his financial and paternal support for his four (4) children will do real damage to their lives. His absence and extended incarceration is destabilizing to everyone in his life.

Mr. Caicedo Asprilla acknowledges and accepts that he has committed a serious federal crime and understands the need for punishment. He submits, however, that the nature and circumstances of his offense, and his personal history and characteristics, weigh in favor of a sentence of 108 months.

**WHEREFORE**, Mr. Caicedo Asprilla prays this Court will grant the relief requested herein and enter an order of 120 months incarceration.

8

Respectfully submitted,

By: *s/ Cynthia Hernandez*

CYNTHIA HERNANDEZ, ESQ.
Florida Bar No. 0010422
506 N Armenia Ave.
Tampa, Florida 33609
Phone: (813) 841-2933
Email: cjhernandezlaw@gmail.com
*Attorney for Defendant Caicedo Asprilla*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 12th day of December 2019, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of the Court, which will send a notice of the electronic filing to Diego Novaes, Assistant United States Attorney, United States Attorney's Office at 400 North Tampa Street, Suite 3200, Tampa, Florida 33602.

By: *s/ Cynthia Hernandez*

Cynthia Hernandez, Esq.
Attorney for Defendant